UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeremy S., | Case No.:  23-cv-00184-AJB-JLB |
| Plaintiff, | **ORDER GRANTING JOINT MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | |
| Defendant. | **(Doc. No. 19)** |

Presently before the Court is the parties' joint motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 19.) The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth, the Court **GRANTS** the joint motion.

## I.     BACKGROUND

On January 1, 2023, Plaintiff filed a complaint, seeking judicial review of the Commissioner's decision to deny his claim for benefits. (Doc. No. 1.) Thereafter, Plaintiff filed his opening brief, (Doc. No. 9), to which the Commissioner responded, (Doc. No. 13), and Plaintiff replied, (Doc. No. 14).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner O'Malley is automatically substituted following his appointment in December 2023.

1

Magistrate Judge Jill L. Burkhardt filed a Report and Recommendation ("R&R") on January 29, 2024, recommending that Plaintiff's merits brief be granted, the Commissioner's decision be reversed, and the action be remanded for further administrative proceedings. (Doc. No. 17.) Upon review of the R&R and receiving no objections from the parties, the Court adopted Magistrate Judge Burkhardt's R&R in its entirety. (Doc. No. 18.)

On May 1, 2024, the parties filed the instant motion. (Doc. No. 19.) The parties jointly request that Plaintiff receive an award of attorney fees in the amount of $8,500.00 under the EAJA, and no costs under 28 U.S.C. § 1920. (*Id.* at 2.) The parties submitted a time sheet showing that one attorney at Yancey Law, PC completed a total of 44.6 hours of work at $244.62 per hour (the EAJA rate for 2023), for a total of $10,910.05. (Doc. No. 19-2.)

## II.    THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 611–12 (9th Cir. 2007).

Here, the parties filed an attorney fees motion on May 1, 2024, 47 days after final judgment was filed on March 15, 2024. Therefore, the motion before the Court may seem premature since it was filed before the end of the 60-day appeal period. *See Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986) ("Section 2412(d)(1)(B) establishes a clear date *after which* applications for attorney fees

must be rejected as untimely; 30 days after final judgment. The statute is less clear about a time *before which* applications must be rejected.").

However, even where the appeal period has not yet run, an application for EAJA attorney fees is nonetheless timely "if (1) the applicant files *no more than* 30 days after final judgment, and (2) the applicant is able to show that he or she 'is a prevailing party and is eligible to receive an award under this subsection.'" *Id.* (emphasis added) (quoting 28 U.S.C. § 2412(d)(1)(B)). Thus, an early application is timely where "a court order substantially grants the applicant's remedy before final judgment is entered" such that the applicant is able to show that he has prevailed. *Id.* The Court finds these criteria are met here, such that the joint motion for EAJA fees is timely. *See Jalal H. v. Comm'r of Soc. Sec.*, No.: 3:22-cv-02043-AHG, 2023 WL 3295182, at *2 (S.D. Cal. May 5, 2023) (holding the joint motion for the plaintiff's EAJA fee was timely where motion was filed before the 60-day appeal period had run); *Dickey v. Colvin*, No. 14-CV-00629-WHO, 2015 WL 575986, at *3 (N.D. Cal. Feb. 10, 2015) (applying *Auke Bay* to conclude a plaintiff's EAJA fee motion was not premature in a Social Security case, although the motion was filed before the 60-day appeal period had run, where the court had remanded for payment of benefits rather than further proceedings). Here, the Court substantially granted Plaintiff's remedy before entry of final judgment by granting Plaintiff's merits brief and reversing the final decision of the Commissioner denying Plaintiff's application for benefits. (*See* Doc. Nos. 17, 18.) Therefore, the Court finds the joint motion is timely.

## III.   DISCUSSION

A litigant is entitled to attorney's fees and costs under the EAJA if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).

///

///

### A.     Prevailing Party

A plaintiff is a prevailing party if he "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Schalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Here, as discussed above, Plaintiff is the prevailing party because the Court granted his merits brief, reversed the decision of the Commissioner, and remanded the matter pursuant to sentence four of 42 U.S.C. § 405(g).

### B.     Substantial Justification

Next, the Commissioner makes no argument that his position was substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified."). Rather, the instant fee request comes to the Court by way of a joint motion. (*See* Doc. No. 19.) Accordingly, the Commissioner has not met his burden of showing his position was substantially justified or that special circumstances make an award unjust.

### C.     Reasonableness of Hours

Next, the parties seek a fee award for 44.6 hours billed by Plaintiff's counsel. (Doc. No. 19-2.) The counsel's hours are reasonable in light of Plaintiff's results in the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."); *Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1080 (S.D. Cal. 2005) (relying on *Hensley* in finding that 53 hours billed by the plaintiff's counsel in a social security appeal was "reasonable in light of the relative complexity of this social security appeal and the level of success [counsel] achieved for Plaintiff."); *cf. Johnson v. Colvin*, No. 12CV1877-WQH-DHB, 2014 WL 3014875, at *3–4 (S.D. Cal. July 2, 2014) (finding it was reasonable for the plaintiff's counsel to spend 55 hours in a social security case, although the case did not present novel issues, because the "case was somewhat complex[,]" the administrative record was 1,034 pages, and plaintiff's

counsel briefed a total of 79 pages on the cross-motions for summary judgment, the report and recommendation, and the EAJA motion).

Additionally, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time [s]he was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)). Therefore, the Court will not question counsel's judgment that the hours expended by Plaintiff's counsel were necessary to achieve a favorable result in this case.

### D.   Reasonableness of Hourly Rate

The EAJA provides the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit's hourly EAJA rates for work performed in 2023, factoring in increases in the cost of living, was $244.62. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited May 6, 2024); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g., Black v. Berryhill*, No.: 18cv1673 JM (LL), 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (considering the Ninth Circuit's hourly EAJA rate a reasonable rate). Here, although the total amount of attorney fees would ordinarily total $10,910.05 given Plaintiff's counsel's typical billing rates, and applying the 2023 EAJA rate of $244.62 to the 44.6 hours of work done in 2023, the parties request a total discounted amount of $8,500.00. (*See* Doc. No. 19.) As such, the Court finds that the hourly rate billed by counsel is reasonable.

///

E.    **Assignment of Rights to Counsel**

The parties jointly request that "[f]ees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Martha Yancey, pursuant to the assignment executed by Plaintiff." (Doc. No. 19 at 2; *see also* Doc. No. 19-1 (agreement signed by Plaintiff stating, "I hereby assign any entitlement that I may have to a fee under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d), to my attorney, Martha Yancey.").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *Castaneda v. Astrue*, No. EDCV-09-1850-OP, 2010 WL 2850778, 2010 U.S. Dist. LEXIS 72887 (C.D. Cal. Jul. 20, 2010) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset").

///

23-cv-00184-AJB-JLB

Here, Plaintiff assigned his right to EAJA fees to his attorney. (Doc. No. 19-1.) Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to his counsel Martha Yancey, pursuant to the assignment agreement.

## IV.   CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1.      The parties' Joint Motion for the Award of Attorney Fees Under the Equal Access to Justice Act, (Doc. No. 19), is **GRANTED**;

2.      Plaintiff is awarded attorney fees under the EAJA in the amount of $8,500.00; and

3.      Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Martha Yancey at the law firm Yancey Law, PC.

**IT IS SO ORDERED.**

Dated:  May 6, 2024

Hon. Anthony J. Battaglia
United States District Judge

23-cv-00184-AJB-JLB